UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

DAVE SHUTTLE AND BARBARA SHUTTLE,
on behalf of themselves and
all others similarly situated,

    Plaintiffs,

- against -

ARNIE GELLER, GERALD COUTURE, and
RMS TITANIC, INC.,

    Defendants.

CASE NO.:
8:30-cv-2515-
T-26-MAP

---

## DECLARATION OF STEVEN G. STORCH IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF THE SETTLEMENT

STEVEN G. STORCH hereby declares, pursuant to 28 U.S.C. § 1746(1) under penalty of perjury, as follows:

1. I am an officer of the law firm of Storch Amini & Munves PC, counsel for plaintiffs Dave Shuttle and Barbara Shuttle in the above-captioned action. As such, I am fully familiar with the facts and circumstances set forth below and I submit this declaration in support of the joint motion for preliminary approval of the settlement.

2. The settlement consists of a comprehensive Corporate Governance Plan modeled after other plans obtained by both private litigants and various government enforcement agencies in actions involving alleged corporate mismanagement. The second facet of the settlement agreement calls for, subject to Court approval, the payment of $300,000, to cover all claimed legal fees and expenses for counsel who have acted for plaintiff in this action and for the plaintiffs in a derivative action entitled *D'Addario v.*

# EXHIBIT B

*Geller*, Case No. 2:02CV250(RBS), pending before the United States District Court for the Eastern District of Virginia, Norfolk Division (the "Virginia Action").

3. In this action, my firm has been lead counsel. We have also been assisted in this matter by Bales & Sommers, P.A.

4. Prior to entering into this agreement, plaintiffs entered into a signed retainer agreement which provided as follows:

> Compensation to this firm is subject to the Court's approval, as required by Rule 23 of the Federal Rules of Civil Procedure. We intend to ask the Court to compensate us at the rate of 1/3 of any recovery prior to any appeal from a final judgment and 40% of any recovery thereafter, or at such rate as is appropriate under applicable laws... It is understood that the class action you seek to represent as a class representative will be for the benefit of all similarly situated shareholders of RMS Titanic, Inc. We have discussed with you your duties and responsibilities as a class representative.

5. Although the settlement does not call for monetary payments to the corporation, it is submitted that significant benefits will accrue to the corporation as a result of the Corporate Governance Plan. Among other things, as set forth in the accompanying papers, the Corporate Governance Plan provides that the board of directors will be comprised of a majority of independent directors, an audit committee will be established with oversight responsibility for internal control and corporate compliance, a corporate governance committee will be established to oversee the implementation of the Corporate Governance Plan and review officers' contracts, and all directors will satisfy certain minimum requirements and possess core competencies.

6. Finally, this settlement would also settle the Virginia Action, subject, of course, to the approval of the District Court overseeing that action. The District Court

has scheduled a fairness hearing on the settlement for January 20, 2006. Local counsel in that matter will also be paid out of any fees awarded as a result of this settlement.

7. The services rendered in this action have been extensive. These services include, but are not limited to:

    a. Preparation and filing of the complaint;

    b. Direct discovery, depositions of Dave and Barbara Shuttle, and briefing on the issue of class certification. The class was certified on March 1, 2005;

    c. Deposition of Nick Cretan;

    d. In addition, extensive discovery was taken in the Virginia Action which is directly relevant to the claims herein, including:

        i. Depositions of the following individuals and entities:

            a. Arnie Geller;

            b. Gerald Couture;

            c. Kempisty & Co.;

            d. Goldstein, Golub & Kessler;

            e. Alan Carlin;

            f. Nick Cretan;

            g. Doug Banker;

            h. Joseph Marsh;

            i. Lawrence D'Addario;

            j. G. Michael Harris; and

            k. Christopher "Kit" Chambers;

ii. Extensive motion practice on discovery, including motions to compel production of documents from defendant, including documents produced by defendants to the Securities and Exchange Commission. Although this motion was unsuccessful at the District Court level, production of such documents was ordered by the Fourth Circuit upon appeal;

iii. Upon completion of the depositions in the Virginia Action, we then fully briefed motions for summary judgment brought by all defendants. Upon the Magistrate Judge's recommendations that summary judgment be granted to all defendants, we prepared objections to those recommendations. While the District Court upheld the Magistrate Judge's recommendation, and summary judgment was granted as to all defendants, we then appealed to the Fourth Circuit Court of Appeals. After full briefing and oral argument before that Court, summary judgment was reversed as to defendants Couture and Geller on the breach of fiduciary duty claim and the production of certain documents provided to the SEC;

iv. Preparation of pre-trial materials in the Virginia Action, including preparation of the initial pre-trial order prior to the initial granting of summary judgment and the subsequent pre-trial order rendered thereafter;

    e. Participation in an extensive mediation in Florida before an independent mediator, James Chaplin of Mediation, Inc., and participation at a subsequent mediation session before The Honorable Magistrate Tommy E. Miller; and

    f. Extensive settlement discussions and drafting of settlement papers.

  8. Further, our out-of-pocket expenses in this action total $24,291.14 and are broken down as follows:

    a. Photocopying, faxes and postage: $5,672.40

    b. Transcripts and filing fees: $7,372.16

    c. Travel: $7,260.09

    d. Staff overtime: $102.73

    e. Local counsel and class notification costs: $2,717.99

    f. Research: $628.07

    g. Miscellaneous: $537.70

Expenses in the Virginia Action totaled $136,982.37. Thus, of the $300,000 in fees and expenses sought, a total of $161,273.51 will go to reimbursement of out-of-pocket expenses. The remaining $138,726.49 will cover fees of all plaintiffs' counsel in pursuing the claims alleged herein.

  9. In addition, pursuant to the terms of the agreement between this firm and Mr. Bales' firm, counsel for the two firms will divide according to agreement any fees awarded in this action.

10. It is respectfully submitted that in view of the extensive work that was undertaken in these matters since the filings in April 2002 and November 2003, that the agreed-upon payment of attorneys' fees and expenses, totaling $300,000, is reasonable.

I hereby declare that the foregoing information is true. I understand that if any of the foregoing information is willfully false, I am subject to punishment.

_____
STEVEN G. STORCH