UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

---

DAVE SHUTTLE AND BARBARA SHUTTLE,  :
on behalf of themselves and                         :
all others similarly situated,                          :     **CASE NO.:**
                                                         :     **8:30-cv-2515-**
                      Plaintiffs,                :     **T-26-MAP**
                                                         :
         - against -                                              :

ARNIE GELLER, GERALD COUTURE, and   :
RMS TITANIC, INC.,                                       :
                                                        :
                     Defendants.    :

---

**NOTICE OF PROPOSED SETTLEMENT AGREEMENT
<u>AND SETTLEMENT HEARING</u>**

**PLEASE READ THIS NOTICE CAREFULLY.
YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT AGREEMENT.**

**EXHIBIT C**

### I. WHY ARE YOU RECEIVING THIS NOTICE?

You are receiving this notice because your rights may be affected in a class action known as *Shuttle v. Geller*, Case No. 8:03CV2515-T-26(MAP) (the "Class Action"), pending before the United States District Court for the Middle District of Florida, Tampa Division (the "Florida Court"). On December __, 2005, the Florida Court preliminarily approved a proposed settlement agreement of this Action, subject to final approval following a fairness hearing scheduled for January __, 2006. If the proposed settlement agreement becomes final, the Class Action will be terminated.

This Notice is to advise you of the proposed settlement agreement, the date of the fairness hearing, and your rights with respect to the settlement.

### II. WHAT IS THIS ACTION ABOUT?

In November 2003, the plaintiffs, Dave Shuttle and Barbara Shuttle, filed this action on behalf of themselves and all others similarly situated (collectively, the "Plaintiffs"), against R.M.S. Titanic, Inc. ("RMST" or the "Company"), Arnie Geller and Gerald Couture to recover damages resulting from the alleged breach of fiduciary duties committed by the defendants, in that defendants allegedly prevented Plaintiffs from exercising their rights under Florida's dissenters' rights statutes. Plaintiffs contend that defendants Geller and Couture violated their fiduciary duties to the company and its public shareholders by a series of acts which perpetuated existing management and deprived shareholders of a say in corporate governance.

The defendants contend that Plaintiffs have no legal or evidentiary basis to support the allegations and further state that current management has properly operated the Company. The defendants vehemently deny any wrongdoing on their part, claim that

their actions are protected by the business judgment rule, and raise several affirmative defenses which they contend bar plaintiff's claims, including the doctrines of estoppel, laches and waiver. Further, defendants argue that Florida's dissenters' rights statutes, a portion of which was repealed by the Florida legislature, are inapplicable to this dispute.

Despite each party's vigorous assertion of their respective positions, certain parties have determined that a settlement of this case is in their best interests, in part because of the results achieved through the proposed settlement, as well as the unpredictability and risks of litigation. These parties also recognize the importance of resolving this litigation with finality in order to enable management to focus on running, and increasing the profitability of, the Company. The parties in favor of the settlement are Plaintiffs' counsel, RMST, Geller, and Steven Couture, as Executor of the Estate of Gerald Couture (collectively, the "Settlement Proponents"). Plaintiffs Dave Shuttle and Barbara Shuttle are not in agreement with all aspects of the provisions of the settlement.

### III. WHAT IS THE PROCEDURAL HISTORY OF THIS ACTION?

The complaint in this Action was filed on November 26, 2003. Although the complaint originally named an additional defendant, that defendant has already reached a settlement with the Plaintiffs. On March 1, 2005, the Florida Court certified the class. Over the last two years, the parties have conducted extensive discovery in the Class Action and in a related action in the United States District Court for the Eastern District of Virginia, Norfolk Division, styled as *D'Addario v. Geller*, Case No. 2:02CV250(RBS) (the "Virginia Action"), including taking the depositions of more than ten individuals, responding to hundreds of interrogatories, and producing thousands of documents. Moreover, the parties engaged in mediation and attended a settlement

conference before the Honorable Tommy E. Miller, United States Magistrate Judge for the Eastern District of Virginia, Norfolk Division.

On December __, the District Court for the Middle District of Florida, Tampa Division, granted preliminary approval of the settlement agreement, subject to final court approval following a fairness hearing.

### IV. WHAT IS THE PROPOSED SETTLEMENT AGREEMENT?

The Settlement Proponents have engaged in lengthy and arms-length negotiations, which have resulted in the proposed settlement agreement. The main component of the settlement agreement is the adoption by RMST and its parent company, Premier Exhibitions, Inc. ("Premier"), of a corporate governance plan. Modeled after corporate governance plans used to settle similar cases and proceedings, the corporate governance plan provides, among other things, that:

- The board of directors will be comprised of a majority of independent directors;
- An audit committee will be established, comprised exclusively of independent directors, which will, among other things, have oversight responsibility for internal control and corporate compliance;
- A corporate governance committee will be established, comprised of a majority of independent directors, which, among other things, will oversee the implementation of the corporate governance plan, review all contracts of officers, pre-screen nominees for directorships, and review the compensation of the company's five highest paid officers.
- The non-management independent directors will meet at least twice each calendar year and will have the authority to retain counsel, accountants, or other experts when their expertise is required;
- The directors will review their compensation and make changes if appropriate;
- All nominees for directorships must satisfy certain requirements and possess core competencies;
- Once a year over the five-year period for which the corporate governance plan is applicable, the board of directors will submit a written report to plaintiff's counsel confirming the company's compliance with the plan; and
- Non-compliance with the plan will be remedied by injunctive relief and under Florida corporate law.

In addition to the corporate governance plan, the settlement agreement provides that RMST will pay $300,000 of the Plaintiffs' attorneys' fees and costs, which includes Plaintiffs' attorneys' out-of-pocket expenses of approximately $24,291.14.

V.    **WHAT IS THE SETTLEMENT APPROVAL PROCEDURE?**

There will be a hearing to consider approval of the settlement agreement on January ___, 2006, beginning at ___ a.m., at the United States District Court for the Middle District of Florida, Sam M. Gibbons United States Courthouse, Room ___, 801 North Florida Ave., Tampa, Florida 33602. The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of settlement and whether an order and final judgment should be entered approving the settlement agreement.

You are permitted to attend the fairness hearing. If you agree with the settlement proposal, you do not need to take any action.

VI.   **WHAT IF I WANT TO OBJECT TO THE SETTLEMENT?**

If you owned shares of stock of R.M.S. Titanic, Inc. as of November 26, 1999, you are a member of the class and you have the right to object to the settlement agreement or some part of it. You are allowed to give reasons why you think the Court should not approve the settlement agreement, and the Court will consider your views. To object, you must send a letter saying that you object to the proposed settlement agreement in *Shuttle v. Geller*, Case No. 8:03CV2515-T-26(MAP). Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement agreement. You must state that you are a member of the class in your objection. The Court *may* permit objectors to speak at the fairness hearing, but the Court will only permit those objectors who filed their objections with the Court by the deadline to

speak. If you do not file an objection with the Court by the deadline, you will not have the right to appeal this matter.

ALL OBJECTIONS MUST BE FILED WITH THE COURT, AT THE ADDRESS BELOW, BY JANUARY __, 2006:

> Office of the Clerk
> United States District Court
> for the Middle District of Florida
> Sam M. Gibbons Courthouse, Room __
> 801 North Florida Avenue
> Tampa, Florida 33602

You must also send any objections, via first class mail or overnight mail for delivery no later than January __, 2006, to the following:

> Steven G. Storch
> Storch Amini & Munves PC
> 2 Grand Central Tower, 25th Floor
> 140 East 45th Street
> New York, NY 10017
> *Counsel for plaintiffs*
>
> Robert W. McFarland
> McGuireWoods LLP
> World Trade Center
> 101 West Main Street, Suite 9000
> Norfolk, VA 23510
> *Counsel for defendants Arnie Geller and Steven Couture, as Executor of the Estate of Gerald Couture*
>
> V. Stephen Cohen
> Williams Schifino Mangione & Steady, P.A.
> 201 North Franklin Street, Suite 2600
> Tampa, FL 33602
> *Counsel for R.M.S. Titanic, Inc. and Premier Exhibitions, Inc.*

### VII.   WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

All claims and counterclaims previously asserted in this matter shall be dismissed with prejudice upon the final approval of the settlement agreement by the Court.

### VIII. IS ADDITIONAL INFORMATION AVAILABLE?

This Notice is only a summary. Additional information is available by contacting:

> Jason Levin
> Storch Amini & Munves PC
> 2 Grand Central Tower, 25th Floor
> 140 East 45th Street
> New York, NY 10017
> *Counsel for plaintiffs*

For a more detailed statement of the matters involved in the Class Action or the settlement, you may refer to the papers filed in this Action during regular business hours at the office of the Clerk of the Court, Sam M. Gibbons Courthouse, 801 North Florida Ave., Tampa, Florida 33602.

**ALL QUESTIONS ABOUT THIS NOTICE, THE ACTION, OR THE SETTLEMENT SHOULD BE DIRECTED TO PLAINTIFFS' COUNSEL. PLEASE DO NOT CONTACT THE FLORIDA COURT FOR INFORMATION.**

DATED:      December __, 2005

BY ORDER OF:  THE UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF FLORIDA