UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DAVID SHUTTLE AND BARBARA SHUTTLE
On behalf of themselves and
all others similarly situated

                        Plaintiffs          Case No: 8:03-cv-2515-T-26-MAP

v.

ARNIE GELLER et al

                        Defendants

## MOTION TO CANCEL FAIRNESS HEARING AND TO ALLOW CLASS REPRESENTATIVES TO FIND NEW COUNSEL

COMES NOW the Plaintiffs, *Pro Se*, and ask this Court to Cancel the Fairness Hearing and allow them to find new counsel and say as follows:

1. The Plaintiffs, who are the class representatives, have lost confidence in their counsel and have by letter discharged him, his firm and local counsel.

2. The Plaintiffs never authorized counsel to settle this case and in fact, for the reasons stated in their opposition to the settlement (which has previously been filed with this court) do not believe settlement is in the best interests of the class.

3. The Plaintiffs, by letter, have discharged non-resident counsel, his firm and local counsel. (See exhibit attached hereto).

4. It is Plaintiffs' contention that once Counsel was discharged by the class representatives, the Plaintiffs here, Counsel no longer had clients and were required to file a Motion with this Court for Leave to Withdraw thereby allowing the Plaintiffs to secure new counsel.

5. Non-resident Counsel has taken the position that he represents the class without

class representatives. ( See exhibit attached hereto).

6. Plaintiffs maintain that the basis for the original lawsuit by them which in fact caused the certification of the class was for damages for financial losses incurred in the hostile takeover in 1999 as well as for the financial losses caused by present management.

7. The Settlement proposes a governance plan that may well protect the shareholders in the future but do little to compensate the class for the alleged financial losses of the past, In fact the only money damages for this action are to pay attorneys' fees.

8. The Plaintiffs contend that as a result of the hostile takeover, Defendants increased the number of shares of Defendant RMS Titanic, Inc. from 16 million to 26 million thereby diluting the value of the shares of the class by 63%.

9. Plaintiff believes that their previous Counsel (recently dismissed) is tired of this litigation and not willing to press the Defendants for money damages.

10. That Rule 23 (g) (1) (B) of the Federal Rules of Civil Procedure provides that "(a)n attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class" and that by settling this matter without the approval of the class representatives and without any money damages for losses incurred by the takeover and thereafter that the interests of the class are not adequately represented.

WHEREFORE, Plaintiffs, Dave Shuttle and Barbara Shuttle, ask that the fairness hearing be cancelled allowing them time to find new counsel and that Steven G. Storch, his law firm and local counsel, Richard M. Bales withdraw as counsel in this matter.

\_\_\_\_(S)_____
Dave Shuttle


\_\_\_\_(S)_____

Barbara Shuttle