UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID SHUTTLE and BARBARA SHUTTLE,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

v.                                                    CASE NO: 8:03-cv-2515-T-26MAP

ARNIE GELLER, GERALD COUTURE, and
RMS TITANTIC, INC.,

    Defendants.
_____/

## O R D E R

Before the Court is Plaintiffs' *pro se* motion to cancel fairness hearing and to allow class representatives to find new counsel which was brought to the attention of this Court immediately following the fairness hearing held in this case this day which Plaintiffs did not personally attend even though they were afforded adequate advance notice of the date, time, and place of the hearing.[1] After due consideration of the motion, together with the record in this case, the Court is of the opinion that the motion is due to be denied.

In the Court's view, Plaintiffs' motion is nothing more than a recapitulation of the objections they lodged against the Court approving the proposed settlement agreement which the

---

[1] The Court notes that Plaintiffs offer no explanation in their motion as to why they could not personally attend the hearing or why they waited until the last minute to file the motion.

Court rejected at the fairness hearing.  Furthermore, "[t]he fact that the named plaintiffs in a certified class action have been found to be adequate representatives of the class does not, however, mean that they have the right to replace class counsel at will."  Maywalter v. Parker & Parsley Petroleum Co., 67 F. 3d 1072, 1078 (2nd Cir. 1995).  Given Plaintiffs' claimed conflict with class counsel, class counsel was well within his court-imposed fiduciary obligation in representing the class to "not allow decisions on behalf of the class to rest exclusively with the named plaintiffs."  Pettway v. American Cast Iron Pipe Co., 576 F. 2d 1157, 1176 (5th Cir. 1978).[2]  However, as the Maywalter court further observed, "[t]he ultimate responsibility to ensure that the interests of the class members are not subordinated to the interests of either the class representatives or class counsel rests with the district court."  67 F. 3d at 1078.

In this case, the Court undertook that responsibility in making the ultimate determination that the proposed settlement was fair, adequate, and reasonable consistent with well-established Eleventh Circuit precedent.  See, e.g., Bennett v. Behring Corp., 737 F. 2d 982 (11th Cir. 1984).  In arriving at that determination, the Court was cognizant of the conflict between the Plaintiffs as class representatives and class counsel.  The Court nevertheless chose to approve the settlement because it was convinced that the best interests of the entire class of approximately 1,000 shareholders dictated that result under the relevant guidelines identified in Bennett governing a district court's approval of a class action settlement.  Id. at 988.

---

[2]  In Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions rendered prior to October 1, 1981.

Accordingly, Plaintiffs' *pro se* Motion to Cancel Fairness Hearing and to Allow Class Representatives to Find New Counsel (Dkt. 98) is denied. The Clerk is directed to forward a copy of this order to Plaintiffs at their address of 8634 Haft Road, Erie, Pennsylvania 16510.

**DONE AND ORDERED** at Tampa, Florida, on February 2, 2006.

s/
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record